Liu v. Holder

BIA
Vomacka, IJ
A089 224 910

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

XING LIU,
        *Petitioner,*

        v.                                    11-5382
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Andy Wong, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Melissa Neiman-
                       Kelting, Senior Litigation Counsel;
                       Anthony J. Messuri, Trial Attorney,
                       Office of Immigration Litigation,

**Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Liu, a native and citizen of China, seeks review of a November 30, 2011, decision of the BIA, affirming the February 23, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Liu*, No. A089 224 910 (B.I.A. Nov. 30, 2011), *aff'g* No. A089 224 910 (Immig. Ct. N.Y. City Feb. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the one inconsistency finding that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Assuming, *arguendo*, as the BIA did, that Liu's asylum application was timely filed, substantial evidence supports the agency's adverse credibility determination and that determination formed an adequate basis for denying relief.

The IJ reasonably concluded that Liu's testimony was undermined by his admission that he lied to immigration officials to obtain a visa to enter the United States because it indicated a willingness to lie to remain in the country. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). The IJ also did not err in finding implausible Liu's testimony related to government officials' finding his wife in hiding, discovering his involvement with the Liberty Democracy Party, and issuing him a passport. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (per curiam).

3

The record further supports the IJ's findings that Liu made inconsistent statements regarding the dates of his wife's pregnancy, abortion, and intra-uterine device procedure.  Although a discrepancy in dates need not be fatal if "minor and isolated" and the applicant's testimony is otherwise generally consistent, rational, and believable, *see Moussa Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), the IJ here recognized that these discrepancies might have been misstatements, but nevertheless reasonably found them significant when considered in conjunction with the other issues related to credibility.  *See Xiu Xia Lin*, 534 F.3d at 167 (recognizing that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (quoting  8 U.S.C. § 1158(b)(1)(B)(iii))).  Furthermore, contrary to Liu's contention, the record does not reveal that these discrepancies were caused by translation errors, as the IJ specifically ensured that the translation was correct.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

4

Finally, having questioned Liu's credibility, the agency reasonably relied further on his failure to provide reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *Id.* Given this lack of corroboration, as well as the false statement, implausible testimony, and inconsistencies, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk